# ST. LOUIS, ALTON & TERRE HAUTE RAILROAD CO.
## v.
## MARTHA ANDRES, BY, ETC.

1. NEGLECT OF STATUTORY DUTY—DUE CARE.—Before a person can recover on account of the neglect of a statutory duty, it must appear not only that the injury complained of was the result of such neglect but it must also appear that the injured party was in the exercise of due care.

2. CONTRIBUTORY NEGLIGENCE.—If the negligence of the injured party has contributed to the injury before he can recover, it must appear his negligence was no greater than that defined by the law as slight negligence, and that the defendant was guilty of gross negligence. As the instruction given was not in accordance with the above, it was erroneous.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed April 6, 1885.

Mr. R. A. HALBERT, for appellant.

Mr. WILLIAM C. KUEFFNER, for appellee.

CASEY, P. J. This was an action on the case brought by appellee against appellant in the Circuit Court of St. Clair county.

On the trial of the cause in that court, the verdict of the jury was in favor of the plaintiff and the cause is brought here by an appeal. A number of errors are assigned. We do not consider that it is necessary to discuss any of them but the second, which is as follows:

The court erred in giving improper and erroneous instructions for plaintiff.

The sixth instruction given on the part of the plaintiff is as follows: "The court instructs the jury that if they find from the evidence that the speed of the railroad trains running in the corporate limits of the city of Belleville is, by the ordinances of said city, limited to the rate of ten miles an hour, and that the defendant while running its train in said corporate limits at a greater rate of speed than ten miles an hour run said train over the foot of the plaintiff as alleged in the declaration and inflicted the injury in the declaration complained of, then the defendant is liable for the damages so done to the person of the plaintiff, unless the jury find from the evidence that the plaintiff was guilty of gross and willful negligence."

We do not think that this instruction states the law correctly. The fact that appellant failed to comply with a statutory duty does not relieve appellee from using ordinary care and caution. In the case of Wabash, St. Louis & Pacific Ry. Co. v. Thompson, reported in 15 Bradwell, 116, it was said that it has been uniformly held by our Supreme Court that before a person can recover on account of the neglect of a

statutory duty, it must appear not only that the injury complained of was the result of such neglect, but it must also appear that the injured party was in the exercise of due care. If the negligence of the injured party has contributed to the injury, then before he can recover it must appear his negligence was no greater than that defined by the law as slight negligence, and that the negligence of the defendant was such as the law denominates gross negligence. This decision is based on an opinion of the Supreme Court in the case of the C., B. & Q. R. R. Co. v. Johnson, Adm'x, 103 Ill. 512, wherein it is said that a failure to observe these statutory requirements is *prima facie* evidence of negligence, but it does not excuse the injured party from the exercise of due care on his part. The Wabash Railroad Co. v. Henks, 91 Ill. 406. In an action against a railway company for killing a person through negligence, when the proof shows that the train causing the death was running at nearly double the speed allowed by an ordinance of the city, when the accident occurred, and that no signals were given, an instruction limiting a recovery to negligence of the company and freedom of the deceased from negligence materially contributing, is erroneous as keeping out of view the rule as to comparative negligence. Schmidt v. C. & N. W. Ry. Co., 83 Ill. 405. It is indispensable to a right of recovery that the injured party shall have exercised ordinary care, such as a reasonably prudent person will adopt for the security of his person or property, or that the injury be willfully or wantonly inflicted by the defendant.

When the ordinances of a city prohibit railway companies from running their trains at a greater rate of speed than six miles an hour, the running of a train at the rate of fifteen miles an hour, resulting in the death of one wrongfully on the track, will not make the injury willful or wanton on the part of the company. A mere preponderance of negligence on the part of the defendant will not authorize a recovery. When both parties are guilty of negligence, that of the plaintiff must be slight when compared with that of the defendant, and his must be gross. In view of these authorities this in-

struction was clearly erroneous. The testimony was conflict-
ing and the instructions should correctly state the law. C.
B. & Q. Ry. Co. v. Johnson, *supra;* I. C. R. R. Co. v. Hether-
ington, 83 Ill. 516; St. L. A. & T. H. R. R. Co. v. Pflug-
macher, 9 Bradwell, 303; Missouri Furnace Co. v. Abend,
Adm'r, etc., 9 Bradwell, 321.

For the foregoing reasons the judgment of the circuit court
is reversed and the cause remanded.

Judgment reversed.

WALL, J., took no part in this case.